**John C. SCHUMACHER, Appellant,**

**v.**

**Lowell SCHMIDT, Commissioner of Revenue, State of South Dakota, et al., Appellees.**

**No. 73–1206.**

United States Court of Appeals, Eighth Circuit.

July 5, 1973.

---

Andrew G. Kohlan, Minneapolis, Minn., and Ramon A. Roubideaux, Rapid City, S. D., for appellant.

M. T. Woods, Sioux Falls, S. D., for appellees.

Before GIBSON, LAY and STEPHENSON, Circuit Judges.

PER CURIAM.

This appeal is before the screening panel pursuant to appellees' motion for affirmance under Local Rule 8.

The appeal is from an order by the Honorable Andrew W. Bogue granting summary judgment dismissing appellant-plaintiff's complaint upon the merits. A review of the record and briefs filed herein leads us to conclude that the issue presented for review is so unsubstantial as not to need further argument and that summary affirmance is appropriate.

Appellant brought this action under 42 U.S.C. §§ 1983, 1985 and 28 U.S.C.A. § 1343 for the alleged deprivation of civil rights, naming as defendants the Commissioner of Revenue of the State of South Dakota, the Director, Other Taxes and Licensing, and the Deputy Commissioner of Revenue of South Dakota. Appellant complained that the actions of the defendants in refusing to grant him an on-sale liquor license (retail sales) were arbitrary and capricious and a denial of due process and equal protection. Defendants moved for dismissal and summary judgment which was granted, and this appeal followed.

The material facts are not in dispute. In September 1971, the City Commissioners of the City of Huron, South Dakota, under the impression that newly enacted legislation [1] authorized them to issue additional on-sale liquor licenses, adopted a resolution to approve seventeen on-sale licenses during the calendar year 1972 and scheduled public hearings thereon in November 1972.[2]

As a result of the hearings, Huron approved and forwarded to the Commissioner of Revenue for his approval 15 applications for on-sale licenses, which

1. "The number of on-sale licenses issued shall not exceed three each and for the first one thousand of population and not exceed one each of such licenses for each additional one thousand of population or fraction thereof, provided, however, the number of such licenses shall not exceed the total number of such licenses allowable or issued prior to July 1, 1971." Ch. 211, 1971 Laws of S.D.; S.D.Comp. Laws Ann. 35-4-11 (Supp.1972).

2. The population of Huron was 14,299.

included 13 renewals and two new applications, one of which was appellant's. Shortly thereafter appellee, Peterson, Director, Other Taxes and Licensing, advised the Commissioners of Huron that the 15 on-sale license applications exceeded the statutory limitations of the current statute by two, i. e., no more than 13 such licenses could be issued. As a result the Commissioners of Huron again met and voted to re-submit the 13 existing on-sale licenses for renewal; thus the application of appellant was not included. Appellant then brought this action.[3]

Judge Bogue found that although the Commissioner of Revenue is given discretion to approve or disapprove applications for licenses submitted by the municipality (S.Dak.Compiled Laws Ann. § 35–2–5.2 (1972)) the record shows that here there was no matter of discretion involved. The Court stated:

"All fifteen applications were returned to the city for a final determination as to which thirteen applications would be approved. The City Commission of Huron made the decision as to preferences and priorities of applications, not the Department of Revenue. While the Court does not intend to infer such, if any deprivation of Constitutional rights occurred, it necessarily occurred at the municipal and not the state level."

Appellant does not charge deprivation of rights at the municipal level. He charges that the state officials misinterpreted the statute—that more on-sale licenses should be available to the City of Huron. The matter of statutory interpretation is for the state courts. In fact, there is support under South Dakota decisions for the position taken by

appellees. *See, Asmussen v. Schmidt,* 202 N.W.2d 857, 859 (S.Dak.1972). In any event there is no showing of a deprivation of civil rights under 42 U.S.C. §§ 1983, 1985.

Affirmed.

---

3. The original files show that one of the appellees, Lowell H. Schmidt, Commissioner of Revenue, State of South Dakota, in an affidavit accompanying the motion to dismiss and for summary judgment below, stated that counsel for appellant in another action in behalf of another applicant unsuccessfully sought mandamus against appellees in the State Court of South Dakota wherein the State

Circuit Court held the City of Huron was only entitled to a total of 13 on-sale licenses. This action apparently was not appealed to the South Dakota Supreme Court.